UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JON P. RIST,<br><br>    Petitioner,<br><br>v.<br><br>R.L. MORRISON, Warden,<br>Duluth Federal Prison Camp, and<br>The Federal Bureau of Prisons,<br><br>    Respondents. | Civil No. 05-2966 (JRT/SRN)<br><br><br><br>**REPORT AND**<br>**RECOMMENDATION** |

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-captioned matter comes before the undersigned on Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and Motion for Consolidation (Doc. No. 3).  The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a)(iii)(2).  For the reasons set forth below, the Court recommends granting in part and denying as moot in part Petitioner's petition and denying as moot the motion to consolidate.

**I.   BACKGROUND**

Petitioner is now a federal prisoner (Register Number 11610-041) incarcerated at the Bureau of Prisons (BOP) Federal Prison Camp in Duluth, Minnesota.  (Kinyon Decl. ¶ 3, Doc. No. 5.)  Petitioner is serving a twenty-seven month sentence, with five years supervised release, imposed by the Honorable District Judge Ann D. Montgomery, District of Minnesota.  (Id.)  Assuming Petitioner receives all credits available to him for good behavior, his projected release date is February 20, 2007.  (Id.)  The BOP

determined that Petitioner is eligible to spend the last ten percent, and not any greater period of time, of his prison term in a Community Corrections Center (CCC or half-way house).  (Id. ¶ 4.)  This means that, if bed space is available, his ten percent date of December 12, 2006, is the earliest date he is eligible for CCC placement.  (Id.)

On December 27, 2005, Petitioner applied to the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.)  The Court ordered the United States to show cause why the writ should not be granted (Doc. 2) and the United States filed its return on January 30, 2006 (Doc. No. 4).  Petitioner filed a reply brief on February 7, 2006 (Doc. No. 6).

Petitioner claims that the BOP's rules found at 28 C.F.R. §§ 570.20 and 570.21 are invalid.  He argues that 18 U.S.C. § 3621(b) gives the BOP the discretion to transfer prisoners to CCCs at any time during their incarceration.  (Id. at 4.)  In particular, Petitioner challenges the BOP's determination that he should be released to a CCC for only the last ten percent of his term of imprisonment.  (Id. at 3.)  Petitioner argues that the BOP's determination is based upon its regulations interpreting 18 U.S.C. § 3624(c), regulations which, according to Petitioner, violate the statute and the principles set forth by the Eighth Circuit Court of Appeals in Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004) and Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006).

In addition, Petitioner seeks a declaratory judgment that the BOP's interpretation of 18 U.S.C. § 3624(c), as contained in 28 C.F.R. § 570.20 is erroneous and in violation of the principles set forth in Elwood.  Finally, Petitioner moves to consolidate his case with Ragsdale v. Caraway, Civ. No. 05-1596 (MJD/SRN), a similar CCC placement case.  (Doc. No. 3.)

## II.     DISCUSSION

In Elwood, the Eighth Circuit Court of Appeals invalidated a December 2002 BOP policy regarding CCC designation and held that the BOP has the discretion to transfer an inmate to a CCC at any time, but only has the duty to consider a transfer to a CCC in the last six months of a sentence.  386 F.3d at 845-47.  In response to Elwood and other similar decisions, the BOP created the regulations challenged here, which became effective February 14, 2005.  These regulations provide that, as a "categorical exercise of discretion," the BOP will designate inmates for CCC placement "only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months."  28 C.F.R. § § 570.20, 570.21 (2005).

In Fults, the Eighth Circuit declared this policy invalid as conflicting with 18 U.S.C. § 3621(b), which sets forth certain factors that must be considered by the BOP in making individualized inmate placement or transfer determinations: "We agree that the BOP's regulation removed the opportunity for the BOP to exercise discretion for all inmates not serving the last ten percent of their sentences.  Section 3621(b) requires that discretion be exercised on an individual basis.  Thus, the BOP's regulation conflicts with § 3621(b) and is invalid."  442 F.3d at 1092.

Given the above, the Court finds that Elwood and Fults mandate relief for Petitioner.[1]  But nothing in these decisions or the applicable statutes entitles any

---

[1] To the extent the United States argues that Petitioner failed to exhaust his administrative remedies, the Court determines that no such exhaustion is required under these circumstances, since a prisoner need not pursue his administrative remedies when doing so would be futile.  See Gibson v. Berryhill, 411 U.S. 564, 575

prisoner to six months of placement in a CCC. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 251 ("That the BOP may assign a prisoner to a CCC does not mean that it must."); Elwood, 386 F.3d at 847 ("We emphasize ... that 18 U.S.C. § 3624(c) does not require placement in a CCC.") Instead, the proper remedy is consideration of such placement by the BOP in accordance with the relevant decisions.

Additionally, the Court recommends denying Petitioner's Motion to Consolidate as moot because judgment was rendered in the Ragsdale case on January 6, 2006 and because the relief afforded here would make such consolidation moot even if the Ragsdale case was still active. See Civ. No. 05-1596 (MJD/SRN) (D. Minn. Judgment docketed Jan. 6, 2006). Finally, because the granting of Plaintiff's Petition moots the remainder of the relief requested, the Court recommends denying all other relief requested as moot.

---

n.14 (noting that courts have not required the exhaustion of administrative remedies where the administrative agency had "predetermined the issue before it"), cited in Knish v. Stine, 347 F. Supp. 2d 682, 686-87 (D. Minn. 2004); Elwood, 386 F.3d at 844 n.1 (stating that the BOP had conceded that challenging the validity of the CCC placement policy through the administrative process would be futile).

Therefore, **IT IS HEREBY RECOMMENDED that:**

1. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) be **GRANTED in part and DENIED as moot in part** as follows:

    a. Respondents be directed to: (i) consider, within twenty days and in good faith, transferring Petitioner to a CCC for the last six months of his sentence, or the remainder of his sentence if less than six months remain to be served, in accordance with the factors taken into account by the BOP prior to the adoption of its December 2002 and February 2005 policies, which must include the factors set forth in 18 U.S.C. § 3621(b); and (ii) place Petitioner in conditions that will afford him a reasonable opportunity to adjust to and prepare for his reentry into the community during a reasonable part of the last ten percent of his term, to the extent practicable, not to exceed six months;

    b. The remainder of Petitioner's relief requested in his Petition be **DENIED as moot**; and

2. Petitioner's Motion to Consolidate (Doc. No. 3) be **DENIED as moot**.

Dated: May 5, 2006

                                                    s/ Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States Magistrate Judge

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by May 22, 2006 a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.