# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

JON P. RIST,  Civil No. 05-2966 (JRT/SRN)

Petitioner,

v.  **ORDER ADOPTING REPORT AND RECOMMENDATION**

R.L. MORRISON, Warden,

Respondent.

Jon P. Rist, # 11610-041, Federal Prison Camp, P.O. Box 1000, Duluth, MN 55814, petitioner *pro se*.

James E. Lackner, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for respondent.

Petitioner Jon P. Rist ("Rist"), a federal prisoner incarcerated at the Federal Prison Camp in Duluth, Minnesota, brings this Petition for Writ of Habeas Corpus (the "petition") pursuant to 28 U.S.C. § 2241. In a Report and Recommendation dated May 5, 2006, United States Magistrate Judge Susan R. Nelson recommended granting in part and denying in part Rist's petition. Currently before the Court is petitioner's objection to the Magistrate Judge's Report and Recommendation. The Court has reviewed *de novo* petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). As explained below, the Court overrules petitioner's objection and adopts the Report and Recommendation.

Petitioner is serving a twenty-seven month sentence, with five years supervised release. Assuming petitioner received all credits available to him for good behavior, his projected release date is February 20, 2007. Petitioner filed this habeas petition challenging a policy of the Federal Bureau of Prisons ("BOP"), set forth in 28 C.F.R. §§ 570.20 and 570.21, that limits transfer to a community confinement center, commonly known as a "halfway house," to the lesser of the last ten percent of the sentence or six months.

After the Report and Recommendation was filed, but within the timeframe to file an objection, petitioner filed a "reply to Government's response." Petitioner's arguments in his reply appear to address arguments raised by the prosecution in its response to petitioner's petition for habeas corpus, rather than the Report and Recommendation itself. Further, the Report and Recommendation recommended granting petitioner the relief he was seeking, i.e., an order requiring the BOP to determine the date on which petitioner should be assigned to a halfway house without regard to 28 C.F.R. §§ 570.20 and 570.21. Thus, even if the Court were to construe petitioner's "reply" as an objection to the Report and Recommendation, the Court would overrule such objection, noting that petitioner has already received the relief he requested.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** petitioner's objection [Docket No. 9] and **ADOPTS** the Magistrate

Judge's Report and Recommendation [Docket No. 8]. Accordingly, **IT IS HEREBY ORDERED** that:

1.  Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED in part** as to habeas corpus relief. The motion is in all other respects **DENIED**.

2.  Respondent is **DIRECTED** to immediately reconsider its decision as to whether petitioner should be assigned to a Community Corrections Center or home confinement, in light of the criteria set forth in 18 U.S.C. § 3621(b) and without regard to 28 C.F.R. § 570.21 and 28 C.F.R. § 570.21. Respondent's decision shall be filed with the Court within twenty-one (21) days of the date of this Order.

DATED: August 18, 2006
at Minneapolis, Minnesota.

       s/ John R. Tunheim     _
JOHN R. TUNHEIM
United States District Judge